IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MOUSSA DIARRA, :
:
         Petitioner, :
   v. :
: NO. 4:21-cv-115-CDL-MSH
:
ROC NATION, LLC; :
JAY-Z, on behalf of :
BEYONCE KNOWLES, : ORDER
:
         Respondents. :
:

Petitioner Moussa Diarra, a pretrial detainee in the Dekalb County Jail in Decatur, Georgia, has filed a Petition for Writ of Mandamus. He also moved to proceed *in forma pauperis*. ECF No. 3.

## I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As it appears Petitioner is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**. ECF. No. 3.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

1

Petitioner's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Petitioner will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Petitioner shall forward said payments from Petitioner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a copy of this Order to the Dekalb County Jail.

   I.   Directions to Petitioner's Custodian

Because Petitioner has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Petitioner is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the CLERK of this Court twenty percent (20%) of the preceding month's income credited to Petitioner's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Petitioner's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II. Petitioner's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Petitioner is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Petitioner of any balance due on these payments by any means permitted by law in the event Petitioner is released from custody and fails to remit such payments. Petitioner's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## II. STANDARD OF REVIEW

A district court is obligated to conduct a preliminary screening of every complaint when the Plaintiff or Petitioner is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). When conducting a preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). But under 28 U.S.C. § 1915 the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Pro se pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes,* 350 F.3d at 1160 (quotation marks and citation omitted). Still, the Court must dismiss a prisoner complaint

3

if it "is frivolous, malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." Id. (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III.   FACTUAL ALLEGATIONS AND ANALYSIS

Although difficult to decipher, Petitioner alleges that he has "a long-time relationship" with Roc Nation, LLC, Jay-Z, and Beyonce Knowles. ECF No. 1 at 2. As part of this relationship, all Respondents have "been supportive towards [P]etitioner all without any written agreement." *Id*. For example, on an unspecified date in 2018,

4

"Beyonce reach[ed] out to [P]etitioner" and offered to assist him financially by giving him $100,000.00. *Id.* at 1. Thereafter, Beyonce apparently failed to give Petitioner the money. He alleges: "Petitioner has been aggrieved from receiving the payment due to legal reason involving certain limitations surrounding both parties and also for the neglect of [R]espondent[s] to arbitrate the award under a written agreement." *Id.* Petitioner requests this Court issue a writ of mandamus against Roc Nation, LLC, Jay-Z, and Beyonce Knowles to compel them to enter into arbitration so that they may be forced to give Petitioner the $100,000.00 Beyonce promised him on some unknown date in 2018.

The liberal construction that applies to pro se pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint must be dismissed as frivolous. *Neitzke*, 490 U.S. at 327. Examples of "clearly baseless" factual allegations are those "describing fantastic or delusional scenarios." *Id.* at 328; *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional). Petitioner's factual allegations "rise to the level of the irrational or wholly incredible" and, therefore, the action must be dismissed as frivolous. *Denton*, 504 U.S. at 33.

Even if Petitioner's allegations were not outlandish, the Court could not grant mandamus relief against Respondents. Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the

plaintiff." Roc Nation, LLC, Jay-Z, and Beyonce Knowles are not officers, employees, or agencies of the United States. The Court, therefore, cannot issue a writ of mandamus compelling them to enter arbitration or to pay Petitioner $100,000.00.

Accordingly, this action is **DISMISSED** with prejudice.

**SO ORDERED**, this **12th** day of **July, 2021**.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA